## GILBERT v. BRASHEAR AND GOOCH.

1. When the hearing of a claim against an insolvent estate is continued to a time beyond that fixed in the first instance for the settlement, the creditor's affidavit (for the omission of which exception is taken) may be filed at any time before the hearing.

Writ of Error to the Orphans' Court of Shelby.

THE estate of F. Young was declared insolvent, upon the representation of Brashear and Gooch, its administrators, on the 27th December, 1845. The plaintiff filed his account against the estate, in writing, within the six months next thereafter, to which was appended an affidavit, purporting to be made by him before one William J. Flagg, a justice of the peace in the state of Connecticut, on the 1st November, 1844, and declaring the same account to be just and true.

The administrators filed their exceptions to the allowance of the account, on the ground that it was not filed verified by

the oath of the plaintiff within six months after the estate was represented insolvent, &c., and was not due, &c.

The trial of the exceptions was continued from time to time until December, 1846, when, in addition to the original affidavit, filed as before stated, plaintiff produced another, made before the same justice of the peace, on the 21st November, 1846, whose certificate was accompanied with that of the secretary of state of Connecticut, under the seal of state, shewing his official character. This affidavit was filed the 16th December, 1846.

The court, upon the hearing of the claim, rejected it, on the ground that the first affidavit was not shewn to be made bofore a justice of the peace; and the second was not filed within the six months, although it was so before the hearing. The rejection of the claim is the only error assigned.

T. J. CLARK, for the plaintiff in error.

POPE, contra, cited Hollinger v. Holly, 8 Ala. Rep. 456; Brown v. Easley, 10 ib. 566.

GOLDTHWAITE, J.—The decision in Hollinger v. Holly, 8 Ala. Rep. 454, settles, that the omission of the creditor's affidavit, is a sufficient ground of exception to prevent the allowance of his demand against an insolvent estate, but this defect may be supplied, after exception taken, if the affidavit is made before the time set for hearing. [Brown v. Easley, 10 Ala. Rep. 566; Shortridge v. Easley, ib. 520.] In this case, although the second affidavit was filed after the time set in the first instance for hearing the claims, yet as that was extended by subsequent orders of the court, as to this particular claim, we must consider the verification as within the previous decisions referred to. This being the case, and as the second affidavit is not objected to, we are relieved from considering how far credit must be given to an affidavit made in another state, and the character of the individual administering the oath, not being certified under the seal of the state.

We think the court erred in rejecting the claim on the ground that there was no affidavit filed within proper time. Reversed and remanded.