## MARTIN v. AVERY.

1. To authorize a judgment, against a surety of a non-resident plaintiff for the costs of the suit, it must appear affirmatively upon the record, that the suit was commenced by a non-resident—that the person sought to be charged became surety for the costs—and the amount of the costs of the suit. No notice to the surety is necessary.

Error to the Circuit Court of Perry.

This was a motion by the defendant in error, against the plaintiff in error, as surety for the costs of a suit, prosecuted by one John Mosely against the defendant in error.

The judgment entry is as follows:

And upon the motion of the defendant aforesaid, for a judgment against the said Levi Martin, the security of the said John Mosely, for the costs of prosecuting this suit, it appearing in proof before the Court, that said Levi Martin had entered into an obligation to be security for said costs of suit. It is therefore considered by the Court, that said Bryant Avery, have and recover of the said Levi Martin, the sum of five hundred and five dollars and twenty-five cents, for which execution may issue against said Levi Martin, as well as against said John Mosely.

The error assigned is, that there is nothing in the record to support the judgment.

THOMAS CHILTON, for plaintiff in error.

ORMOND, J.—From the earliest period of this Court, it has been held that to sustain these summary judgments, it must appear affirmatively upon the record, that every fact was proved to exist, which is necessary to confer the jurisdiction upon the Court. That this rule is applicable to cases of this description, is shown by the case of Barton v. McKinney, 3 S. & P. 274.

The facts which would authorize the rendition of such a judgment as the present, are, the commencement of a suit by a non-resident—that the person sought to be charged became surety

for the costs—that the suit has *terminated*—and lastly, the amount of the costs of the suit.   Of these facts, but one appears from the record to exist—that the plaintiff became the surety of one John Mosely ; there is therefore no predicate shown to authorize the rendition of such a judgment.   The record in the case of Mosely against the defendant in error, in connection with the bond of the plaintiff in error, might, it is true, show all these facts, as the judgment against the surety, is the consequence of a judgment against the plaintiff in the principal suit ; and if a *certiorari* had been asked for, it would have been granted to perfect the record.   No suggestion having been made, we are constrained to reverse the judgment.

It is no objection that the surety was not notified of the motion. The statute authorizes the Court to render judgment for the costs, against the surety of a non-resident plaintiff, at the time of rendering final judgment against his principal.   [Clay's Dig. 317, § 30.]   Let the judgment be reversed and the cause remanded.