JOHN OVERSTREET vs. THOMAS DAVIS, JR.

Without an order of court requiring security for cost in a suit, the clerk has no authority to take such security; but the failure to give the security when required by the court must result in a dismissal of the suit.

The statute allowing the court to enter a judgment on motion against securities for cost, applies exclusively to non-resident plaintiffs.

The judgment in the court below against O. was a nullity, as he was no party to the suit, and therefore the court had no power to enter judgment.

IN error from the circuit court of Kemper county; Hon. A. B. Dawson, judge.

The opinion of the court contains the facts of the case.

*D. C. Glenn*, for plaintiff in error.

*T. J. & F. A. R. Warton*, for defendant in error.

Mr. Justice FISHER delivered the opinion of the court.

This was a motion in the circuit court of Kemper county, by Thomas Davis, Jr. against John Overstreet, for a judgment against him as security for costs, in a case in said court between John J. Muldrow and said Davis, and decided in favor of the latter.

The motion is in these words, to wit: "John J. Muldrow *v.* Thomas Davis, Jr. In this case defendant moves the court for judgment against John Overstreet, security for costs for the plaintiff herein for the amount of the costs in this case." The motion was made at the September term, 1849, of said court. The defendant therein appeared and contested the same, as appears by the bill of exceptions.

On the trial the counsel for Davis introduced the clerk of the court, who proved that the original instrument by which Overstreet undertook to bind himself as security had been lost, and that it was in substance this, to wit; after stating the case: " I John Overstreet do hereby acknowledge myself security for all cost, that has or may accrue in the above stated case. Signed, John Overstreet." Overstreet was next introduced as a witness in his own behalf, and stated that he signed an instrument in substance the same as the above, and delivered it to Muldrow, on condition that he, Muldrow, would indemnify him, Overstreet, in the premises, and that when the indemnity was given, he would go before the clerk and acknowledge the same; that said indemnity was not given, and said paper was returned to him by Muldrow.

The original affidavit was read to show that a motion was made for security for costs in said cause, but no order of court requiring it was introduced, without which the clerk clearly had no authority to take or require security for costs, The failure to give the security when required by the court, must result in a dismissal of the suit. It is, therefore, indispensably necessary that there should be an order of the court requiring the security before a party could be in default in not giving it, or before his suit shall be dismissed.

But we are of opinion, that the statute allowing the court to enter a judgment on motion against securities for costs applies exclusively to non-resident plaintiffs. The affidavit in this case shows the party to have been a resident plaintiff; at least it does not appear to have been made under the statute applicable to non-residents. Under this view of the subject, the motion was not the proper remedy.

The evidence of the witnesses was clearly improperly admit-

ted, as they appear to have been directly interested in the result of the motion.

The court, in entering a judgment for the defendant in the case of Muldrow against Davis, also entered a judgment against Overstreet as security for costs. This was merely a nullity, as he was no party to the suit, and the court had no power legally to enter the judgment.

Judgment reversed, and this court entering such judgment as should have been entered by the court below, overrule and dismiss said motion.