## N. T. BAGGETT *v.* J. C. WATSON.

BOND FOR COSTS. *Validity. Absence of affidavit. Code* 1880, § 2360.

A bond for costs is valid, although given during the progress of a suit, and without any affidavit, motion and order therefor, as provided by code 1880, § 2360, as the obligors will be deemed to have waived these requirements. Such bond, being one provided for by law, is not voluntary.

FROM the chancery court of Sharkey county.

HON. CLAUDE PINTARD, Chancellor.

Appellee, Watson, filed this bill against N. T. Baggett, chancery clerk, and H. J. Wright, sheriff of Sharkey county, to enjoin an execution issued against one Shelby as principal and appellee as surety, on a bond for costs given during the progress of a chancery suit in which Shelby was complainant.

The ground of invalidity alleged against the bond is that it was executed after the suit had begun, and merely upon the demand of the chancery clerk, without any affidavit as to non-residence or insolvency, or motion and order therefor, as provided by code 1880, § 2360, the contention of complainant, the surety on said bond, being that it was voluntary, and therefore not binding. The bill further shows that the costs

as taxed, and the execution therefor, exceed somewhat the penalty of the bond, but there was no offer to pay the excess.

The court overruled a demurrer to the bill, and from this decree defendants appeal.

*M. Marshall,* for appellants.

The provisions for an affidavit, motion and order for security for costs are entirely for the protection of the complainant, and he had a right to waive them, and that is what was done.

The cases of *Besancon* v. *Shirley* and *Overstreet* v. *Davis* are not in point. The court looks to the object of the statute, not its words. See *Kyle* v. *Stinson,* 13 Smed. & M., 301; *House* v. *Bierne,* 5 *Ib.,* 622.

The bond is not voluntary. It is an official bond provided for in judicial proceedings. Murfree on Official Bonds, § 36.

The obligors are estopped to dispute the validity, because they executed the bond, and it served the purpose intended, and because the decree thereon should have been objected to at the time or appealed from.

*McLaurin & McLaurin,* for appellee.

The execution against the surety is for a sum in excess of the penalty of the bond. As to the excess, the bill is, of course, maintainable. It therefore has equity on its face.

After suit begun, the clerk had no right to exact security for costs without making the affidavit required by § 2360, code 1880, and procuring an order of court. *Besancon* v. *Shirley,* 9 Smed. & M., 457.

It was not a valid statutory bond, and the common law, as modified by statutes, will not sustain a bond, or any other contract, without a sufficient consideration. So the bond was voluntary, and not binding. *State* v. *Bartlett,* 30 Miss., 624; *Carothers* v. *Leigh,* 60 *Ib.,* 258. The case of *Overstreet* v. *Davis,* 24 Miss., 393, is decisive of this.

CAMPBELL, C. J., delivered the opinion of the court.

The demurrer should be sustained, because the bill is main-

tainable only as to the excess in the amount of the decree over the penalty of the bond, which was obligatory, notwithstanding the absence of a motion and affidavit, and order of court; for, since the law provides for security for costs upon such terms, and the security was given, without requiring the precedent steps prescribed by law, the party giving the security must be held to have waived them, and to be bound as if they had been taken. A totally different question was presented in *Overstreet* v. *Davis*, 24 Miss., 393, and it can have no influence in this case.

The bond here given was not *voluntary*, as it was provided for by law.

. The party could not be required to give security for costs, except in the mode prescribed; but, yielding to the demand, and giving security, and thereby relieving from the necessity of an affidavit and motion, it is not allowable to insist that he is not bound, and the surety is bound because the principal is.

*Reversed, demurrer sustained and cause remanded.*