PHILIP DUNN v. HARRIET BOZARTH ET AL.

FILED JUNE 4, 1902. No. 8,984.

1. **Sureties:** COSTS: JUDGMENT: SUMMARY PROCEDURE: RULE 12: ERROR OR APPEAL. The provisions of sections 612 to 616 of the Code of Civil Procedure, and especially of the latter section, do not authorize by summary proceedings the entry of a judgment for costs against sureties on a cost bond which is required to be given by the plaintiff in error or appellant under rule 12 adopted by this court, with reference to security for costs in actions brought here on error or by appeal.

2. ——: ——: ——: ——: ——: ——: SCIRE FACIAS: MOTION AND NOTICE. The court is not authorized by the issuance of a writ of *scire facias,* or on a motion and notice to the adverse party in lieu thereof, to order an execution to issue against sureties on a cost bond, given in pursuance of the provisions of rule 12, for the costs made in the action in which the cost bond was given, and which are assessed against a plaintiff in error or appellant, or for the amount thereof remaining unpaid.

3. ——: ——: ——: ——: ——: CIVIL ACTION. The right to enforce the liability of a surety on such cost bond is by proceeding in an ordinary civil action on the undertaking and in pursuance of the rules governing civil actions generally.

ERROR from the district court for Gage county.  Tried below before LETTON, J.  Heard on motion for judgment against sureties on cost bond.  *Motion overruled.*

*Robert Ryan,* for the motion.

*Joseph E. Cobbey, contra.*

HOLCOMB, J.

On a motion, and notice to the adverse parties, we are asked to enter judgment against the sureties on a cost bond given in pursuance of the requirements of rule 12, adopted by this court, with reference to security for costs; or, in the event the motion to enter judgment is not sustained, to issue execution against the sureties on the cost bond for the amount of the unpaid costs in the case at bar taxed against the plaintiff in error, the principal on the undertaking.  Rule 12 (52 Nebr., xiii) provides, in substance, that a plaintiff in error in each case brought to this court shall give security for costs by filing a bond with one or more sureties, in the sum of $50, to be approved by the clerk of the district court from which the cause is brought, conditioned for the payment of the costs of this court.  The bond in question complies with the provisions of the rule, runs to the defendant in error, and is conditioned that the plaintiff in error shall pay all costs adjudged against him by the supreme court, not exceeding, of course, the penalty named in the bond, viz., $50.  Our authority to enter the judgment prayed for against the sureties or issue an execution on the record as though the obligation for costs was in the nature of a judgment on which an execution may be issued is predicated on two propositions, which are advanced as reasons why the relief asked for may properly be granted.  First, it is said that the provisions contained in sections 612 to 616 of the Code of Civil Procedure, and especially the latter section, authorize the rendition of judgment against sureties for costs, and awarding execution thereon.  An

examination of the sections referred to convinces us that they refer alone to actions brought in any county in the state where the plaintiff is a non-resident of the county in which the action is brought, security for costs in such case being required, and which may be given by an indorsement to that effect on the summons, or by signing the name of the surety for costs on the complaint filed in the action. Section 616 authorizes the entry of judgment for costs against the surety on motion and ten days' notice for the amount adjudged against the plaintiff or the unpaid part thereof, and execution may issue as in other cases. The sections referred to, it is obvious, are not applicable to error proceedings brought in this court where a cost bond is, under a rule of court, required to be given as in the case at bar. *Overstreet v. Davis,* 24 Miss., 393; *Martin v. Avery,* 8 Ala., 430.

The second proposition advanced by counsel presenting the motion is that, if the sections referred to are insufficient authority to the court for granting the relief asked, then the court is authorized by virtue of the common law to enforce the payment of the unpaid costs against the sureties on the cost bond by the writ of *scire facias,* or in lieu thereof, under our practice, by the filing of a motion on notice to the opposite party, as has been done in the present instance. Proceedings of this character can only be justified on the theory that there is such a record as conclusively establishes an obligation on the sureties, the satisfaction of which may be enforced by execution, and that the court has acquired jurisdiction over them for the purpose of enforcing the obligation as fixed and determined by such record. It is manifest that as a basis for the issuance of an execution there must be a judgment in fact or a record in the nature of a judgment for the satisfaction of which a general execution may properly be resorted to. Can it be said that the writ of *scire facias,* or in lieu thereof an order on motion and notice under our present practice, similar to the writ, and serving the same office, may be resorted to for the purpose of enforcing the

unpaid costs as against sureties on the cost bond, and without proceeding in an ordinary action to first establish their liability. To support the proposition contended for, we are cited to some very early cases in Maine and Massachusetts, where it was held an indorser of a writ issued at the beginning of a civil action, who had obligated himself for the payment of plaintiff's costs, might be proceeded against for such costs where the plaintiff failed to pay by the writ of *scire facias*. It appears that this requirement for security for costs arose by statute, and this particular remedy was resorted to as a convenient method of enforcing the right given by such statute. The indorser of the writ for the costs assessed in the case against the plaintiff was treated as having incurred a liability analogous to that of those who were sureties on bail given for the payment of a debt to prevent imprisonment where imprisonment for debt was lawful, or to the enforcement of the obligation of sureties on bail or recognizance which has been forfeited in criminal proceedings. Says the supreme court of Maine (*Merrill v. Walker*, 24 Me., 237) : "The proceeding by *scire facias* was an appropriate mode for the purpose, and judiciously adopted. The case of indorsement is analogous to that of bail. The one is to secure the plaintiff in case of the avoidance of the defendant, and the other to secure the defendant in case of the avoidance of the plaintiff. In both cases the cause of action arises from matter of record. In both cases the cause of action is but an incident to a principal cause of action, already determined, the proceedings in which are matters of record. A proceeding, therefore, by a species of judicial writ, to complete the remedy growing out of the original action, is obviously appropriate; and should not be departed from till a statute alteration to the contrary shall have taken effect." See, also, *Reid v. Blaney*, 2 Me., 128; *How v. Codman*, 4 Me., 79; *Miller v. Washburn*, 11 Mass., 411; *McGee v. Barber*, 14 Pick. [Mass.], 212. The writ originally in any of the jurisdictions to which our attention has been called can issue only on a judgment rendered

in the action, or a record in proceedings of so conclusive a nature as to be tantamount to a judgment, and on which. execution would lie for its satisfaction, such as a forfeited recognizance, bail bond, etc. It is issued only against a party to the record, one who is bound by its terms to the same extent as he would be concluded by a judgment to which he was a party litigant. It is founded on some matter of record, as a recognizance or judgment, on which it lies to obtain execution, and is usually deemed a judicial, and not an original, writ. 19 Ency. Pl. & Pr., 262, and authorities cited. It is a warning given to the defendant to appear in court and plead in bar to the execution, or show any cause, if he can, by release, discharge or otherwise, why execution should not issue on the judgment or record against him. 21 Am. & Eng. Ency. Law, 852, and authorities cited. It follows from what has been said that the record on which the writ will lie, must be of such a nature as to conclude the parties against whom it is asked from interposing any defense to its issuance except that which may be pleaded in bar ar abatement or in discharge or satisfaction. The record must also be of such a nature as to show the jurisdiction of the court over the person against whom the writ is asked. While it is held in some jurisdictions that matters of record pertaining to forfeited recognizances, bail bonds, and indorsements as security for costs warrant proceedings against those liable on such undertakings by writs of *scire facias,* such has never been the practice in this state. *King v. State,* 18 Nebr., 375. The parties enforcing their rights under such obligations have always been required to pursue their remedy by an ordinary action on the obligation, bring the parties within the jurisdiction of the court and obtain judgment to be enforced in the usual way. Any exception to this rule is only where by express statute other proceedings are authorized. The record on which the writ may issue presupposes the jurisdiction of the court over the person against whom issued, and this can result only where the parties have, by their voluntary action, submitted themselves to

Dunn v. Bozarth.

the jurisdiction of the court, and authorized the rendition of the judgment, or the entry of a record equivalent thereto, for the satisfaction of which the writ is resorted to. *Moore v. Kepner*, 7 Nebr., 291; *Lininger v. Raymond*, 9 Nebr., 40. It can not, we think, be said that the sureties on the cost bond in the case at bar are parties to the record in such a sense as to give the court jurisdiction over them and authorize it to issue execution against them for the unpaid costs taxed against the plaintiff and principal in the undertaking. If such were the case, then the court is authorized to proceed summarily against sureties on appeal and error undertakings without the requirement of a civil suit being instituted thereon; but such is not the case according to the statute and practice in this jurisdiction. *Selby v. McQuillan*, 45 Nebr., 512. We are satisfied that on principle the undertaking given in the case at bar, on which we are asked to issue execution against the sureties without other warrant than the mere executing and delivery of the undertaking, must be regarded as of the same general character as other undertakings required to be given during the pendency of litigation, and that the sureties on such undertaking can not be proceeded against summarily in the action in which the undertaking was given but resort must be had to an ordinary proceeding by civil action on the undertaking and in pursuance of the rules governing such actions generally. *Mussina v. Alling*, 12 La. Ann., 799; *Earle v. Cureton*, 13 S. Car., 19; *Overstreet v. Davis, Jr., supra; Vanderpool v. Notly*, 42 N. W. Rep. [Mich.], 680.

The motion for judgment against the sureties on the cost bond or the issuance of an execution against them for the amount of the unpaid costs taxed against the plaintiff must, therefore, be denied.

MOTION OVERRULED.