## O'DONNELL, ET ALS. V. SWEENEY.

1. A contract founded on an act prohibited by statute is void, therefore, a note executed upon the purchase of a horse by the vendee, on Sunday, cannot be enforced by the vendor, in a court of justice.

ERROR to the Circuit Court of Macon.

Assumpsit on a promissory note by the defendant against the plaintiffs in error.

The defendants below pleaded *non-assumpsit*, and a special

plea, that the note was executed on the first day of the week, commonly called Sunday, in consideration of a horse sold by the plaintiff, on that day to the defendants, in the regular course and prosecution of the plaintiff's trade and occupation, &c. To this plea, the plaintiff demurred, and the court sustained the demurrer. Judgment being rendered for the plaintiff, the defendants prosecute this writ, and assign for error, the judgment of the court upon the demurrer.

· BILLINGSLEA, for the plaintiffs in error, cited Aik. Dig. 440; 1 Root's Rep. 474; Chitty on Con. 248; Com. on *Con. 59*; 5 Porter 75; 1 Taunton, 130; 2 Porter, 530; 10 Mass. 312.

BELSER, *contra*, cited 3 B. & C. 232; 7 ib. 596; 13 Wend. 429; 1 Root 474; 10 Mass. 312.

ORMOND, J.—It is a settled principle of the common law, that all contracts which are founded on an act prohibited by a statute under a penalty, are void, although not expressly declared to be so. [Wilson v. Spencer, 1 Rand. 76; Comyn on Con. 26; Collins v. Blanton, 2 Wilson, 341; Drury v. Defontaine, 1 Taun. 135.] It would indeed be a strange anomaly if a contract, made in violation of a statute, and prohibited by a penalty, could be enforced in the courts of the same country whose laws are thus trampled on and set at defiance.

The statute violated in the making of the contract here sought to be enforced, is to the following effect: " No wordly business or employment, ordinary or servile work, (works of necessity or charity excepted,) nor shooting, sporting, hunting, gaming, racing, fidling, or other music for the sake of merriment, nor any kind of playing, sports, pastimes, or diversions, shall be done, performed or practised by any person, or persons within this territory on the christian sabbath, or first day of the week, commonly called Sunday, and every person being of the age of 14 years or upwards, offending in the premises, shall for every such offence forfeit and pay the sum of two dollars; and no merchant, or shop-keeper, or other person shall keep open store or dispose of any wares, or merchandize, goods, or chattels, on the first day of the week, commonly called Sunday, or sell or barter the same, upon pain of forfeiting the sum of twenty dollars for every such offence" &c. [Aik. Dig. 439.]

It was contended in argument, by the counsel for the defendant in error, that the design of the Legislature was to prevent public sales of goods or chattels, and had no reference to mere private contracts, which have no tendency to violate the order and solemnity of the day. We do not think the design of the Legislature in the passage of the act can be doubted. It was evidently to promote morality and advance the interests of religion, by prohibiting all persons from engaging in their common and ordinary avocations of business, or employment, on Sunday, unless impelled thereto by necessity, or engaged in acts of charity. So far, the law has respect to labor or business which may be either public or private, but it also provides for the higher offence of not only desecrating the christian sabbath, but also of violating public decency by an open traffic.

By the 29th Charles 1, c. 7, it was declared that no tradesman, artificer, workman, laborer or other person whatsoever, shall do, or exercise any worldly labor, business or work of their ordinary callings upon the Lord's day, works of necessity and charity only excepted. In the exposition of this statute it has been held, that a contract would not be void, unless one of the parties was in the exercise of his *ordinary* calling. That was the decision in Drury v. De La Fontaine, [1 Taunton, 135.] This was affirmed in the case of Fennell v. Ridler, [5 B. & C. 406,] where in a most able opinion of Mr. Justice Bayley, it was held " that every species of labor, business or work, whether public or private in the ordinary calling of a tradesman, artificer, workman, laborer or other person, is within the prohibition of the statute. That was the case of the purchase of a horse, by a horse dealer on Sunday; the sale was in private and the action was upon the warranty, and the court held, that it could not be maintained.

This decision was approved by the court of Common Pleas, in Smith v. Sparrow, [4 Bingham 84,] where it was held that a contract entered into privately on a Sunday, was void, although made by an agent, and although the objection was taken by the party at whose request the contract was entered into.

The facts of this case as set out in the plea, are, that the note was executed on Sunday, in consideration of the sale of a horse by the plaintiff to the defendants, and that the plaintiff in making the sale, was in the exercise of his business, trade or occupation. If then our statute was identical with the English, the authori-

ties cited, are full to the point; that this action cannot be maintained. There is however, a broad distinction between them. To constitute an offence against 29 Charles I, one of the parties to the contract at least, must be engaged in his "ordinary calling;" not so under our law, which prohibits all "worldly business or employment, ordinary or servile work, works of necessity or charity only excepted." The term " ordinary" in our statute is equivalent to *common* or *usual* work or employment, and beyond all doubt, embraces within its ample range, the sale of a horse, a negro, or any other chattel, whether the sale be public or private; whether the parties engaged in it, or either of them, were in the prosecution of their ordinary employment or not. It is worldly " business or employment," and falls within the letter, as well as within the mischief of the statute.

But if the contract in this case did not fall within the first branch of the statute, it is fully embraced in the second, which prohibits any merchant, shop-keeper or *other person* from disposing of any wares or merchandize, goods or *chattels*, on the first day of the week.

The contract being such an one as it was unlawful to make on Sunday, cannot be enforced in a court of justice, and the demurrer to the plea should therefore have been overruled.

Let the judgment be reversed and the cause remanded.