## SHIPPEY AND ANOTHER v. EASTWOOD.

1. A plea to a promissory note that it was made on *Sunday,* in order to procure the discharge of the principal maker, who had been arrested on the same day, upon a charge of bastardy, is good; and a replication that the makers, with a knowledge of the facts alledged, " did ratify and acknowedge the note," and then " promise to pay the same," is not a sufficient answer to the plea.

2. When an immaterial issue is tried, a repleader will in general be awarded ; but where the cause is also tried upon the *general issue,* and the party complaining may have had every advantage under it, which he could have had if the appropriate issue had been joined, upon the special plea, and there is nothing in the record to indicate that he was prejudiced, an appellate court will not reverse the judgment, that another trial may be had.

Writ of Error to the Circuit Court of Pickens.

THIS was a suit commenced before a justice of the peace, on a promissory note made by the plaintiffs in error, together with Uriah Kerby, on the 8th January, 1844, by which they promised to pay to the defendant the sum of $25, on the 1st day of April next thereafter, for the maintenance of the child of Elizabeth Morehead, provided the child should live.

Among other pleas, the defendant pleaded that the note in suit was not made for any work of necessity, or charity, but in the regular course of worldly business and employment ; and (being so made,) was on the first day of the week, commonly called Sunday, under the following circumstances, viz: Uriah Kerby, the principal in the note, was arrested upon the Sunday on which the note was made, upon a charge of bastardy ; that the child of which he was charged to be the father, was born of the body of Elizabeth Morehead, and that the note in question was made by Kerby, as principal, and the defendants as his sureties, in discharge of the arrest, on Sunday. To this plea the plaintiff demurred—his demurrer was overruled ; and thereupon a replication was filed, alledging, that the defendants well knowing the facts stated in the plea, " did ratify and acknowledge the note sued on," and did

Shippey and another v. Eastwood.

then " promise to pay the same," &c.  The cause was submitted to a jury, who returned a verdict in favor of the plaintiff for the amount of the note and interest, and judgment was rendered accordingly.

P. MARTIN and B. W. HUNTINGTON for the plaintiffs in error.
W. COCHRAN, for the defendant in error.

COLLIER, C. J.—By a statute passed in 1803, it is enacted, that " no worldly business or employment, ordinary or servile work  works of necessity or charity excepted,) &c. shall be done, performed, or practised by any person or persons within this State, on the christian Sabbath, or first day of the week, commonly called Sunday ; and every person being of the age of fourteen years or upwards, offending in the premises, shall for every such offence forfeit and pay the sum of two dollars."  This act goes quite beyond the 29 Caro. 11, ch. 7, § 6.  That statute declares that no tradesman, artificer, workman or laborer, or other person whatsoever, shall do, or exercise any worldly labor, business, or work of their ordinary calling, upon the Lord's day, works of necessity and charity only, excepted. [O'Donnel v. Sweeney, 5 Ala. Rep. 467 ; see also, Pierce v. Hill, 9 Porter's R. 151.]  The English statute restricts its prohibition to one's " *ordinary calling*," while our  statute goes so far as to prohibit " worldly business or employment, ordinary or servile work," except in the excepted cases.  Mr. Justice Bailey, in his celebrated judgment in Fennell v. Ridler, 5 B. & C. Rep. 406, was of opinion that the act extended to every description of the business of a man's " ordinary calling," as well as to what was manual, and calculated to meet the public eye, as to that transacted in private ; though in Bloxsome v. Williams, 3 B. & C. Rep. 232, he intimated a doubt whether it extended to business of the latter description.  See also Smith v. Sparrow, 4 Bing. Rep. 84 ; 1 Taunt. Rep. 135. But it has been held, that the words " *worldly labor*," which occur in the statute of *Charles the Second*, are not confined to a man's *ordinary calling*, but applies to any business he may carry on.

The statutes of some of the states of the Union, upon the

subject we are considering, adopt the restrictive terms of the English enactment, while others are as broad and expansive as our own act. In those States whose statutes are similar to ours, it is said to have been held, that all contracts made in violation of the act are void, unless the decisions in Massachusetts form an exception. See Geer v. Putnam, 10 Mass. Rep. 312; 16 Pick. Rep. 247; Story on Con. 141-2, note 1; O'Donnell v. Sweeney, *supra*. It has been repeatedly determined, that a penalty inflicted by statute upon an offence, implies a prohibition, and a contract relating to it is void, even where it is not expressly declared by the statute that the contract shall be void. See Wilson v. Spencer, 1 Rand. Rep. 76; Mitchell v. Smith, 1 Binn. Rep. 118; Biddis v. James, 6 Id. 321; Seidenbender v. Charles, 4 Serg. & R. Rep. 159. Such a contract being void by positive law, it cannot be validated by a subsequent acknowledgement that it is obligatory, or an express promise to perform it. [Williams v. Paul, 4 M. & P. Rep. 532.

It is the obvious result of what has been said, that the second plea is good, and the replication, even if true, in point of fact is no answer to it. If this were the only plea, we should be constrained to reverse the judgment, because of the immateriality of the issue that was tried, in order that a repleader might be awarded, and the cause disposed of conformably to law. But we find that the cause was also submitted to the jury upon the plea of *non assumpsit*. The issue upon this plea was sufficiently broad to admit evidence of the fact alledged in the second plea, and also of any other matter which would avoid the effect of such a bar. If the making of the note on Sunday, did not make it *void*, but merely *voidable*, then perhaps it might be necessary to plead the statute specially. But as a violation of the statute had the same effect upon the note as if it had been tainted with usury, or given for a gaming consideration, there could be no more necessity for pleading the statute in the present case, than in those supposed. Complete justice may have been done the parties upon a trial under the material issue, and in the absence of a bill of exceptions showing the reverse, such must be the intendment of the law. Upon the replication admitting and avoiding the second plea, the verdict must have

been returned for the defendant, unless there was a subsequent promise to pay the note. It may, in the state of the pleadings, be presumed, not only that the defendants made a subsequent promise, as replied, but it may be presumed, that there was a failure to make out any defence, or if any was set up, it was successfully countervailed.

The judgment of the Circuit Court is consequently affirmed.