## DODSON AND ANOTHER V. HARRIS AND ANOTHER.

1. Where a horse is sold on Sunday, and a note taken for the purchase money on the same day, both the contract and note are void, and though the purchaser retain the horse in his possession, without objection or demand by the seller, the law will not *imply a promise* to pay the stipulated price or what the horse is reasonably worth. Such a contract being void, no property passed to the vendee, and he would be chargeable in *trover* upon proof of demand and refusal, or in *assumpsit* upon an express promise to pay, subsequently made, in consideration of the retention of the horse.

2. Where a non-resident plaintiff, who has given security for the costs, is unsuccessful, a judgment for costs may be rendered, not only against the surety, where *a motion for that purpose* is submitted to the court; but where

the clerk *mero motu* enters up judgment against the surety, it will be a clerical misprision. amendable in the primary court on motion, or on error, at the cost of the plaintiff in error.

Writ of Error to the Circuit Court of Benton.

THIS was an action of assumpsit at the suit of the plaintiff, Dodson. The declaration contains a count upon a promissory note, by which the defendants, on the 23d February, 1843, promised to pay to the plaintiff below, one hundred and fifty dollars, in Alabama bank notes, on the first day of January, 1844, with interest from the date. There were also added, counts for a horse sold and delivered, and money paid, laid out and expended. The defendants pleaded—1. Non assumpsit. 2. Fraud. 3. Failure of consideration, 4. Want of consideration. 5. Payment. 6. Set off. 7. Tender. Issues being joined, the cause was submitted to a jury, who returned a verdict for the defendants, and judgment was thereupon rendered against the plaintiff, and his security for the costs, who now join with him in the prosecution of a writ of error.

On the trial a bill of exceptions was sealed at the instance of the plaintiff, which presents the following points: 1. Evidence was adduced to show that the note declared on, as well as the contract on which it was founded, were made on *Sunday;* to the admission of this evidence the plaintiff objected, but the objection was overruled. 2. It was then proved on the part of the plaintiff, that the consideration of the note was a horse which he sold to the defendant on the Sabbath day—he also showed the value of the horse, that the defendants still retained him in their possession, that he (the plaintiff,) had never demanded him, and that he resided in Tennessee.

The court charged the jury, that if they believed from the evidence, that the contract was made on Sunday, and the note executed on that day, the contract was void, and the plaintiff could not recover.

3. The plaintiff's counsel then prayed the court to charge

the jury, that if they believed from the evidence, that the contract was made on Sunday, and the defendants retained the possession of the horse, then the plaintiff could recover the value of the horse, which prayer was refused.

S. F. RICE, for the plaintiff in error, insisted, that if the contract was void, and there could be no recovery on the note, yet the continued possession of the horse by the defendants imposed upon them a moral obligation to pay for him; and the circumstances are such as to warrant the implication of a promise. [10 Mass. Rep. 312; 9 N. Hamp. Rep. 300; 5 Ala. Rep. 304; 7 Porter's Rep. 266; 6 Bing. Rep. 653; 15 Verm. Rep. 215; 8 Miss. Bep. 358.] No man shall take advantage of his own wrong, and the mere retention of the horse entitled the plaintiff to recover undet the common counts in assumpsit. [2 Stew. Rep. 21; 1 Marsh. R. 552; 8 Porter's Rep. 333; 1 Hill's Rep. 311; 15 Verm. Rep. 215.] If a demand was necessary, very slight circumstances are sufficient to authorize a jury to infer it. [5 Ala. Rep. 114.] The judgment against the security for costs is irregular. [8 Ala. Rep. 430.]

A. J. WALKER, for the defendant in error, contended, that a contract for the sale of a horse, on Sunday, was illegal, and no court would enforce it. [5 Ala. Rep. 467; 6 Id. 16.] There was an express contract, and if this be avoided, or rescinded, the plaintiff cannot waive the tort, and recover upon an implied promise. [19 Pick. Rep. 217; 7 Ala. Rep. 952.] But if assumpsit could be maintained, it can only be after demand made. If the plaintiff below have a remedy, it is by an action of trover or detinue.

COLLIER, C. J.—Our statute for the observance of the Sabbath, employs terms of more unlimited import than the 29 Car. II. ch. 7, § 6, and has been repeatedly so adjudged. See O'Donnell v. Sweeney, 5 Ala. Rep. 467; Pierce v. Hill, 9 Porter's Rep. 151; Shippey v. Easterwood, 9 Ala. Rep. 198.] These cases are conclusive to show, that the note now in question, if made on Sunday, is void, and if the con-

Dodson v. Harrts.

tract which led to it was made on the same day, no benefit can be claimed from it.

The only question then, which is open for decision in the present case is this, can it be inferred from defendants' continued possession of the horse, that they have undertaken to pay the price stipulated under the void contract, or so much as he was worth. We think with *Mr. Justice Park*, that a man does not manifest a very great concern for the observance of the Sabbath, who after having avoided a contract because it was made on that day, still retains in his possession property, the consideration of it, for which he refuses to pay. But we are aware of no case in which a promise has been implied under such circumstances, and we think principle is opposed to it. None of the cases cited for the plaintiff in error go to this extent. In Paul v. Williams, 6 Bing. Rep. 653, a contract made on Sunday was held void; it was not contended that merely keeping " the beast " in possession, entitled the plaintiff to recover in assumpsit, but there was proof of an *express promise*; and upon this ground, the defendant was adjudged liable. There can be no doubt of the correctness of that decision, for the contract being void, it did not effect a change of property; the plaintiff might have reclaimed it, and the defendant could not have been compelled to keep and·pay for it. To have entitled the plaintiff to his action, it was necessary that there should have been a demand and refusal of the property, or a promise to pay for it, or something equivalent to a promise.

So it has been held, that if goods are sold upon a condition which the vendee fails to perform, but retains the goods and converts them to his own use, the vendor, cannot, if he rescind the contract, waive the tort and recover the value of the goods in *assumpsit*, but his proper remedy is in *trover*. [19 Pick. Rep. 217.] Where there is an express contract, the law will not imply one. [9 B. & C. Rep. 59; 1 Cromp. Mees. & Rosc. Rep. 315.] But where the vendee, under a contract which is void, or has been rescinded, has sold the property he is chargeable in an assumpsit, for money had and received. [Pick. Rep. 285.]

The facts recited in the bill of exceptions explicitly nega-

72

Dodson v. Harris.

tive a demand; there is no evidence of a sale of the horse, or a conversion in any other manner; but the only predicate from which it is proposed to deduce a promise, is the defendants uninterrupted possession. This we have seen, being permissive, would not entitle the plaintiff to maintain even an action of trover, much less assumpsit, by treating it as a sale; and there can be no pretence to recover upon a count for money had and received. It results from what has been said, that there is no error in the ruling of the circuit court.

It is clearly competent for the court in which a cause has been determined, to enter up judgment against a security for costs, on motion, and award execution accordingly. [Clay's Dig. 316, § 26.] But in the case at bar, the attention of the court does not appear to have been called to the security with a view to its action against him; the clerk *mero motu*, it would seem upon a rendition of a judgment on a verdict, adjudged that the plaintiff and his security should be chargeable with the costs. So far as it respects the surety, the entry must be regarded as a clerical misprision, and consequently amendable at the costs of the party complaining of it. Martin v. Avery, 8 Ala. Rep. 430, is unlike the present. There a motion was distinctly submitted to the primary court for judgment against the surety, and that motion, and the consequent proceedings, constituted the cause which was presented for revision; so that there could be no doubt of the right of the surety to sue a writ of error.

This court proceeding to correct the misprision as the statute requires, directs that the judgment against the security for the costs, be vacated, that the judgment in all other respects be affirmed, that the plaintiffs in error pay the costs of this court, and that Dodson pay the costs of the court below. Thus leaving the surety to be regularly proceeded against in the circuit court.