## A. GOLETTI, INC., *v.* ANDREW GRAY CO.

### [88 South, 175, No. 21756.]

SUNDAY. *Sunday contract void, but recovery may be had for quantum valebat where property accepted on subsequent secular day.*

A written contract executed on Sunday is void, and no recovery can be had thereon. but recovery may be had for *quantum valebat* in an action of *assumpsit* upon an implied promise to pay for property which was accepted and converted upon a subsequent' secular day.

APPEAL from circuit court of Harrison county.

HON. D. M. GRAHAM, Chancellor.

Action by A. Goletti, Incorporated, against the Andrew Gray Company. From a judgment of dismissal; plaintiff appeals. Reversed and remanded.

*White & Ford,* for appellant.

In the case before your Honors the amount now claimed is not the consideration for any Sunday contract but the amount due for the reasonable value of the lumber inspected and accepted, taken and used by appellee on a secular day. It bears no relation to any contract. In the Kountz case nothing was done to the completion of the contract on a secular day while in the case at bar the entire thing was done on a secular day. The Kountz case condemns as unlawful the thing done on Sunday. We admit the contract was unlawful, but there was nothing unlawful or even improper in appellee's inspecting lumber and taking it on a secular day. In the Kountz case it is held where the contract has its inception on Sunday, and is completed some other day the contract is not illegal. We have shown there was no contract until inspection and the demurrer to the replication admits it, but we do not even have to rely on that proposition of law, because we seek nothing under the void Sunday contract.

Counsel cite *McKee* v. *Jones*, 67 Miss. 405, but neither in the statement of facts nor opinion are we able to find any holding such as is attributed to it by counsel. Counsel's statement of what was held, does not affect this case, but the only two propositions decided in the McKee case were that the Sunday law was not involved because the trade was in Louisiana and that the court ruled erroneously on a question of warranty.

Counsel then lay down the rule that this court holds trover and attachment do not lie and there can be no recovery on a *quantum valebat* but cites no cases to support the statement.

Counsel rely on *Strouse* v. *Lanctot*, 27 So. 606. The suit was on the Sunday contract and the contract was relied on for recovery. Without the contract no recovery was sought. This court held the contract unenforceable but if the suit had been one for the value of clothes delivered on a week day the decision would have been different. In the Strouse case the point is clearly made that the recovery is sought on the void contract. We have never contended for such a point.

Appellee's only criticism of the authorities cited by appellant in original brief is that they are cases from other jurisdictions. We submit such cases ought to be helpful if not persuasive in the absence of a case in point from Mississippi. We don't rely on any question of ratification, as counsel seem to think. The cases we cite are cases where the facts are similar and we do not think the court will be misled by counsels seeking to inject an immaterial issue in the case.

Counsel finally says he does not dispute our law and we certainly admit every case he cites is the law, so then we leave it to the court to decide whose cases fit the facts of the case at bar.

Counsel make the statement that delivery of the lumber was not necessary. Gray's agent had to inspect it before it was ever shipped and it was inspected and shipped to Gulfport, the place of delivery, on a secular

day and then taken and converted by Gray on another secular day. The replication is the controlling pleading and we ask the court to read it carefully.

Counsel admit the void portions of a contract can be separated from the good and the good portions enforced. *Jones* v. *Brantley,* and *Bowers* v. *Jones,* criticised by counsel both so hold. Counsel ought to be familiar with the Bowers case as they tried it and raised the same defense in that case as here.

So under the rule of separating the good from the bad and proceeding on the good, we can travel and in fact stand alone without the contract. Appellee speaks about violation of Holy Writ. It seems to us appellee ought to be ashamed to mention Holy Writ. We take it he is in favor of some of the Ten Commandments and against others and reserves the right to make his choice as circumstances arise.

It is very true the statute is not passed for the benefit of a defendant. We all know its purposes. Looking at the record herein, has anything been done violating the letter or spirit of the statute? Why should not this lumber have been inspected and accepted on a week day just as any other?

If the parties are left where they are found, then we say they are in the position of appellee owing appellant for his lumber converted to the use of appellee. He couldn't take the lumber pursuant to a contract because there was no contract, it was void; then he took it under circumstances rendering him liable therefor.

We trust this court will write the history of this case on the pages of its reports to serve as a warning for the unwary and that it will speedily reverse the case that justice may be done.

*Mize & Mize,* for appellee.

Counsel for appellant say that it is not a suit on any contract whatever, but is plainly a suit for the value of

twenty-two thousand feet of lumber; yet he overlooks a part of the pleadings which is part of the case, to-wit; appellee's plea which avers that the suit is for the price of certain lumber of which lumber each and every particle was delivered in pursuance of a contract that was wholly made on Sunday, and this the appellant did not deny.

There was no inspection necessary to the competion of the sale; the sale under this contract, if executed on a secular day, was complete when the contract was signed.

Counsel for appellant further takes the position that no contract was ever made; that it was a void sale and that the contract was a nullity. This is true; yet every bit of the lumber for the price of which this suit was brought was delivered under this void contract, and one that was not only void but prohibited by the statute. The same contention was made in the case of *Block* v. *McMurray*, 56 Miss. 217.

The case of *Miller* v. *Lynch*, 38 Miss. 344, was a case where on Sunday the parties met and went over their differences and found that one owed the other a certain amount and a note was given on that day for the balance of indebtedness in a transaction that took place before that day and also for a wagon that had been sold on a secular day; and the court held that the note was void and unenforceable. To the same effect is the case of *Kuntz* v. *Price*, 40 Miss. 341. This case is almost on all fours with the present case.

In the instant case the price and amount of the lumber was agreed upon on a Sunday and the contract embodying the same was signed, executed and delivered on Sunday; then the seller of the lumber thereafter delivered it to the buyer on a secular day, which amounted to an attempted ratification by the seller of the lumber, but the appellee, the buyer of the lumber does not agree to the attempted ratification of the contract and declines to pay; and the contract, having been wholly made, signed and delivered on Sunday, is absolutely void and the appellant is not entitled to enforce it in a suit at law.

In the case of *Block* v. *M'cMurray,* 56 Miss.-217, cited *supra,* the court held that an action of trover would not lie for the value of the horse. In that case, McMurray, instead of suing on the contract made on Sunday to recover the price of the animal he had sold and delivered on Sunday, attempted to bring an action of trover; just as, in the instant case instead of declaring on the contract, the appellant is attempting to evade his attempted contract and bring an action *quantum valebat;* but the court, in the McMurray case held that the statute could not be evaded in any such manner.

To the same effect is the case of *McKee* v. *Jones,* 67 Miss. 405, holding that the creditor of the seller who sells property on Sunday cannot levy an attachment on the property on the ground that the title to the property sold on Sunday did not pass; that the law is absolutely non-action.

So this court holds that trover does not lie and attachment does not lie; and there is no coming in on the ground of *quantum valebat* and attempting to evade the penalty of the statute.

The case that is right on all fours with the instant case is a case that went up from Monroe County. *Strouse et al.* v. *Lanctot,* 27 So. 606. It is well settled that it can be shown that a contract, though it bears a different date, was entered into on Sunday, 37 Cyc., p. 572.

The appellant cites a number of cases from other states, none of which, we respectfully submit, are in point.

The first case cited in counsel's brief is a Tennessee case, where the terms of the agreement were subject to the purchaser's inspection of the oxen and satisfaction with them, and the inspection and approval of the oxen took place on a secular day. This was a valid contract because the contract was not completed till a secular day. Not so in the instant case.

The next case is an Iowa case, where the order was taken on Sunday but the delivery and acceptance thereof occurred on a secular day; and, also, Iowa holds that a

contract made on Sunday can be ratified on a secular day, while our court, in the *Kuntz case*, 40 Miss., *supra*, held that a Sunday transaction cannot be ratified.

37 Cyc. p. 565, gives both lines of authorities, one line holding that a Sunday contract can be ratified on a secular day and the other holding that it cannot be ratified. Mississippi holds that it cannot be ratified but Iowa holds that it can be ratified, as shown by a number of cases cited in the footnote, at p. 566 of the above volume of Cyc.

The next case appellant cites in its brief is a Pennsylvania case. Pennsylvania, like Iowa, holds that a Sunday contract may be ratified on a secular day, and therefore in the Pennsylvania case appellant cites, when two mules were accepted on Monday in pursuance of a contract entered into on Sunday, there was a ratification of the Sunday contract; but, under the holding of our court, this case is not in point.

The same thing is true of the next case cited by the appellant, a Missouri case. Missouri holds that a contract made on Sunday can be ratified on a secular day. See note at p. 566, 37 Cyc., *supra*.

The next case, a New Hampshire case, is not in point for the reason that the offer made on Sunday was not accepted until Monday. That would be the law in this state. Negotiations begun on Sunday but no contract entered into on that date, and then, afterwards on a secular day, a contract based on these negotiations entered into, would be a good contract in this state. So the New Hampshire case was not in point.

The same is true of the Delaware case cited by counsel. A note made on Sunday was not delivered until a week day; and of course delivery is an essential part of such instrument. But, in the instant case, the contract was signed, delivered and in every way completed on Sunday. The same is true of counsel's citations from Ruling Case Law. There is not dispute about the law he cites, but it is not applicable to this case because here everything was complete on Sunday.

The next citation in appellant's brief from Ruling Case Law is not applicable, because, under appellee's plea in this case, which is not denied by appellant's replication the cause of action between appellant and appellee cannot be disconnected from the illegal act of making the contract on Sunday, as each and every particle of the lumber for the price of which appellant is suing was delivered under and because of this contract that was entered into and completed on Sunday. Had it not been for this attempted contract which was entered into on Sunday, this lumber would never have been delivered by appellant to appellee, according to the allegations of appellee's special plea, which allegations are not denied.

Therefore, appellants cause of action is inseparably connected with the void and illegal contract; and this the appellant cannot escape. The case of *Jones* v. *Brantley* and *Bowers* v. *Jones,* cited by counsel, are not in point in this case.

In the *Jones* v. *Brantley case,* the court held that it was a question for the jury whether or not the contract was entered into on a secular day or on Sunday. Jones testified it was not entered into on Sunday and that he stayed around his office ten days waiting for Brantley and Brantley's partners and that the contract was entered into on a secular day.

The same is true of the case of *Bowers* v. *Jones.* It is not in point, this court holding that the letters written by Mrs. Jones on a secular day to Mr. Bowers constitute a retainer by Mrs. Jones of his services.

The gist of this case is simply this: "The parties to this suit admit that they entered into this contract on Sunday as fully and completely as could be done; began, signed, executed and delivered the contract on. Sunday. If this had been done on a secular day, it would have been a perfectly good contract."

Thereafter, a part of the lumber specified in the contract is delivered to the appellee in pursuance of this void contract, not only void contract but a prohibited

contract by the statute, on the ground of public policy. The courts have repeatedly held that this statute is not passed for the benefit of any defendant and is not enforced for the benefit of any defendant, and in some instances probably works hardships on some plaintiffs, yet, for the sake of public policy, the law will leave parties who knowingly violate the Sabbath law in whatever position they have thereby placed themselves. The appellant has placed himself in this position while knowingly violating the Sabbath law, not only the statute law but Holy Writ; and, when parties are guilty of that, then the courts, for the sake of public policy, leave the parties just where they have placed themselves and will not aid either party.

If the appellant can recover in this case, under the above pleadings, then the Sabbath law, so far as it prohibits contracts being entered into on Sunday, would be useless, because then all of the wholesale dealers could keep open house on Sunday as on a secular day, and then fulfill these contracts on a secular day and recover. Such is not the policy of our law; but the policy of our law is and has ever been since Mississippi was a state, that the courts will not lend their aid to those who are guilty of violating the Sabbath law.

We therefore respectfully submit that this case should be affirmed.

HOLDEN, J., delivered the opinion of the court.

This is a suit by the appellant to recover the value of a quantity of lumber delivered to the appellee, who accepted and converted it to its own use. The pleadings show the action of the plaintiff to be one of *assumpsit*, on an implied promise to pay, in *quantum valebat*. The defendant below pleaded a denial of liability on the ground that the contract of sale of the lumber was executed on Sunday, and for that reason was void. To this plea of a Sunday contract the plaintiff replied that the lumber was delivered to and accepted by the appellee on a secular

day, converted by the appellee to its own use, and that, by such acceptance and conversion on a day other than Sunday, appellee then and there assumed and obligated itself to pay to plaintiff the reasonable value of the lumber. A demurrer to this replication was sustained by the court, the suit dismissed, from which judgment this appeal is prosecuted.

The question presented for our decision is whether or not the fact that the written contract between the parties was wholly executed on Sunday, but the lumber was delivered, accepted, and converted subsequently on a secular day, will preclude a recovery by the seller in an action of *assumpsit* in *quantum valebat.*

The written contract between the parties executed on Sunday was void, and if the recovery depended upon the enforcement of this contract the plaintiff must fail in his action. But this is not a suit upon the written contract executed on Sunday; it is an action of *assumpsit* upon the implied promise of the appellee to pay for the lumber when he accepted it and converted it to his use upon a subsequent secular day.

No suit could be maintained upon the invalid Sunday contract, because it is, in law, no contract, but the implied obligation to pay in this case was assumed on a secular day, and this obligation is disconnected from the Sunday contract, and is enforceable to the extent of a recovery for the reasonable value of the property accepted and converted by the appellee.

The view we announce is not in conflict with any of the authorities for our state. The cases cited by counsel for the appellee as sustaining his position are easy of differentiation upon a careful perusal of them. It will be seen that some of the cases correctly hold that no recovery can be had upon a note executed on Sunday. Others hold that a suit is not maintainable on contracts made on Sunday where the property is delivered on that day or where the right to recover depends upon the void Sunday contract. *Woodson* v. *Hopkins,* 85 Miss. 171, 37 So. 1000,

37 So. 298, 70 L. R. A. 645, 107 Am. St. Rep. 275, is not in point.

The case of *Strouse et al.* v. *Lanctot,* 27 So. 606, is especially cited by appellee as being in point and controlling in his favor here. We thing this case comes nearer sustaining the appellee than any other that we have been able to find, but, in our opinion, it is not in point, for the reason that the suit there was based wholly upon the Sunday contract, and is different from the instant case in that here the action is not founded upon the Sunday contract, but is upon implied *assumpsit* on a secular day, in *quantum valebat.* There was no consummation by delivery on Sunday.

Text-book authority, as well as the decisions of other jurisdictions, abundantly support the view we announce above. 6 R. C. L. 821; 25 R. C. L. 1433. The rule is that no recovery can be had upon a void Sunday contract nor upon any obligation based upon, or growing out of, and dependent upon, a Sunday contract; but this principle has no application here, for the reason that the Sunday contract is independent of and disconnected from the implied assumption consummated by delivery and conversion on a secular day.

The rule announced in this case appears reasonable and just. It is not opposed to good morals or proper observance of the Sabbath. A contrary holding would furnish a safe harbor against the collection of honest debts for property accepted and converted by the debtor on secular days; he being a party to the Sunday contract which he invokes as a defense. No such evil purpose or unholy result was intended by the law.

The judgment of the lower court is reversed, and the case remanded.

*Reversed and remanded.*