37 So.2d 106

**ROSENBUSH FEED CO. et al. v. GARRISON.**

**6 Div. 566.**

Supreme Court of Alabama.

Oct. 7, 1948.

Jack H. McGuire, Jas. W. Strudwick and McGuire & Strudwick, all of Tuscaloosa, for appellants.

246

LAWSON, Justice.

On Sunday, September 26, 1943, plaintiff and defendant entered into a verbal contract whereby defendant purchased 2,000 bales of hay from plaintiff at a price of $25 per ton f. o. b. plaintiff's barn. The hay was not to be delivered that day. It was later shipped to defendant in five different shipments and it appears that he received it on secular days. Defendant, after receiving the first two shipments, paid a part of the purchase price but refused to pay the balance, contending that the hay shipped to and received by him was of a much inferior grade than that which he purchased and that the amount which he had paid exceeded the value of all the hay shipped to and received by him.

Thereupon plaintiff brought this suit to recover the value of the hay for which he had not received payment and which had been delivered to defendant, who accepted and converted it to his own use.

The pleadings show the action of the plaintiff to be one of assumpsit on an implied promise to pay, in quantum valebant. The defendant pleaded the general issue in short by consent. There was verdict for plaintiff. Judgment was in accord with the verdict. Defendant's motion for new trial having been overruled, he has appealed to this court.

■ Defendant insists that he was entitled to the general affirmative charge on the ground that the contract of sale of the hay was executed ᴐn Sunday and for that reason was void.

The contract between the parties, having been executed on Sunday, was void. § 21,.

Jones, Dominick & McEachin and Liston C. Bell, all of Tuscaloosa, for appellee.

Title 9, Code of 1940. If his right to recover depended upon the enforcement of the contract the plaintiff would have to fail in this action. But this is not a suit upon the contract executed on Sunday; as before pointed out, it is an action of assumpsit upon the implied promise of the defendant to pay for the hay when he accepted it and converted it to his use upon subsequent secular days. Defendant admitted that he had sold some of the hay but contended that some of it he was unable to sell and still had it in his warehouse. On the other hand, there was evidence from which the jury could have found, as it evidently did, that defendant had sold the hay which he received from the plaintiff.

Therefore, the question presented for our decision is whether or not the fact that the contract between the parties was entered into on Sunday, but the hay was delivered, accepted, and converted on subsequent secular days, will preclude a recovery by the seller in an action of assumpsit in quantum valebant.

We hold that plaintiff was entitled to recover the reasonable market value of the property accepted and converted by the defendant and for which he had not paid plaintiff. The implied obligation to pay in this case was assumed on secular days, and this obligation is independent of and disconnected from the Sunday contract. A. Goletti, Inc., v. Andrew Gray Co., 125 Miss. 646, 88 So. 175; King v. Graef et al., 136 Wis. 548, 117 N.W. 1058, 20 L.R.A., N.S., 86, 128 Am.St.Rep. 1101; Gist v. Johnson-Carey Co., 158 Wis. 188, 147 N.W. 1079, Ann.Cas.1916E, 460; Spahn v. Willman, 1 Pennewill 125, 17 Del. 125, 39 A. 787. The fact that defendant received the hay on secular days and the evidence supported a finding that he subsequently sold it in the course of his business, distinguishes this case from O'Donnell v. Sweeney, 5 Ala. 467, 39 Am.Dec. 336, and Dodson v. Harris, 10 Ala. 566, where the sale and delivery appear to have been made on Sunday and there was no evidence that the purchaser subsequently resold the property. Nor is the conclusion here reached based on the theory of a subsequent ratification of the Sunday contract. O'Donnell v. Sweeney, supra; Butler v. Lee, 11 Ala.

885, 46 Am.Dec. 230; Moseley v. Selma National Bank, 3 Ala.App. 614, 57 So. 91. We think the conclusion here reached is in accord with the decision of this court in the case of Stewart v. Harbin, 206 Ala. 484, 90 So. 496.

■■■ On direct examination of plaintiff as a witness in his own behalf, the trial court sustained defendant's objections to certain questions propounded plaintiff by his counsel. Thereafter, on cross-examination of plaintiff, counsel for defendant propounded questions similar to those to which their objections had been sustained on direct examination. The trial court sustained plaintiff's objections to such questions. Having invoked rulings of the trial court which prevented plaintiff from testifying on direct examination in this cause on this phase of the case, defendant cannot now complain of the court's action in preventing him from questioning the plaintiff in regard to such matters on cross-examination. But even if error did appear in such ruling it was rendered innocuous in that it appears that plaintiff was subsequently cross-examined and testified to facts sought to be elicited by the questions to which plaintiff's objections were sustained. Loreno v. Ross, 222 Ala. 567, 133 So. 251.

■■■ After plaintiff had rested his cause the trial court permitted him to introduce further testimony. Again plaintiff rested and again before the defendant presented his evidence was permitted to offer additional evidence. Defendant insists that such action of the court constitutes reversible error.

Section 252, Title 7, Code of 1940, provides as follows: "The court may, at its discretion, at any time before the conclusion of the argument, when it appears to be necessary to the due administration of justice, allow a party to supply an omission in the testimony on such terms and under such limitations as the court may prescribe."

There is nothing in this case to show that the trial court abused the discretion vested in it by the statute above-quoted. Atlanta Life Ins. Co. v. Ash, 228 Ala. 184, 153 So. 261; Chandler Bros. v. Higgins,

156 Ala. 511, 47 So. 284; Birmingham Ry., Light & Power Co. v. Saxon, 179 Ala. 136, 59 So. 584.

One of the grounds of the motion for new trial was in substance that defendant was required to select the jury in this case from a jury list on which was a relative, within the prohibited degree, of Mr. Bell, one of the attorneys representing the plaintiff.

By statutory prescription, it is ground for challenge for cause that a juror is related by consanguinity within the ninth degree, or by affinity within the fifth degree (computing according to the rules of the civil law) to any attorney in the cause to be tried. § 55, subd. 11, Title 30, Code of 1940.

In compliance with this statutory provision, the prospective jurors were asked by the trial court if any of them were so related to any of the attorneys in the case, calling the attorneys by name. It appears without dispute that one of the prospective jurors, Lester Mills, was related to Mr. Liston Bell, one of counsel for plaintiff, within the prohibited degree. It is also without dispute that this prospective juror failed to respond to the inquiry propounded to him as to such relationship. Nor did Mills or the attorney to whom he was related in any way make known such relationship to the court, the defendant, or his counsel.

Although it is uncontroverted that this relationship was unknown to the defendant and his counsel, it appears that counsel for the defendant struck the name of Lester Mills from the jury list. Consequently, Mills did not serve on the jury which tried this case.

Mills was disqualified to sit on the jury in this case and unquestionably he should have made it known that he was related to Mr. Bell. In fact, we think Mr. Bell was under the same obligation.

If Mills had served on the jury which tried the case, the trial court's action in refusing to grant a new trial to defendants would require a reversal, for we are in accord with the opinions of the Court of Appeals hereafter cited, which hold that a new trial must be granted where a prospective juror did not answer correctly the material questions propounded by the court in qualifying the jury and where such juror was accepted on the jury which tried the case. A new trial must be granted under such circumstances irrespective of whether the concealment was deliberate or unintentional. Leach v. State, 31 Ala.App. 390, 18 So.2d 285; Griffith v. State, 31 Ala.App. 432, 18 So.2d 284. But it is apparent that the rule announced in those cases is not applicable to the instant case, for here the disqualified juror was not a member of the jury which tried the case.

Since Mills did not serve on the jury before which this case was tried, the question we must decide here is whether the trial court erred to a reversal in refusing to grant a new trial to defendant, because his name was on the list of jurors submitted to the parties litigant from which the trial jury was selected.

Section 54, Title 30, Code of 1940, provides for struck juries as follows: "In all civil actions triable by jury, either party may demand a struck jury, and must thereupon be furnished by the clerk with a list of twenty-four jurors in attendance upon the court, from which a jury must be obtained by the parties or their attorneys alternately striking one from the list until twelve are stricken off, the party demanding the jury commencing; provided that in all judicial circuits having not more than two judges, the court shall require to be made two lists of all the jurors in attendance upon the court, who are competent to try the case, and not engaged in the trial of some other case, which list shall in no event contain less than twenty-four jurors, from which a jury must be obtained by the parties or their attorneys alternately striking one from the list until only twelve remain on the list, the party demanding the jury commencing; and the jury thus obtained must not be challenged for any cause, except bias or interest as to the particular case."

This case was tried in the Sixth Judicial Circuit, Tuscaloosa County being the only county in that circuit. Said circuit did not have more than two circuit judges. There were thirty-four jurors summoned;

and in attendance upon the court during the week in which this case was tried. None of them was engaged in the trial of another case and so far as the court had been able to ascertain they were all competent to try this case. Therefore, the trial court correctly required that two lists be made containing the names of all thirty-four of said jurors and that one of such lists be furnished to each of the parties or their attorneys. From this list of thirty-four names counsel for the respective parties proceeded to strike. The plaintiff, having demanded the jury, struck first and by striking alternately counsel for the respective parties struck from the list the names of twenty-two jurors, thus obtaining twelve jurors to try the case. Each party had eleven strikes. The defendant used his eleventh strike to remove the name of Lester Mills from the list, although in doing so he did not know of the relationship between Mills and one of the attorneys for plaintiff.

If Mills' disqualification or incompetency had been made known the lists would have contained the names of thirty-three jurors. The plaintiff, having the first strike, would therefore have been· entitled to eleven strikes and the defendant ten strikes.

It appears to us that the record before us affirmatively shows that the defendant was not in any way injured by the inclusion of the name of the disqualified juror on the lists from which the trial jury was obtained.

There were the names of thirty-three competent jurors on the list, nine more than the minimum number of competent jurors required to be on the list from which the parties can be required to strike. Southern Ry. Co. v. Milan, 240 Ala. 333, 199 So. 711.

If Mills' name had been removed from the list it would not have affected the number of strikes to which the plaintiff was entitled. Plaintiff, having the first strike, had a right to strike eleven names from the list irrespective of whether there were thirty-four or thirty-three names thereon.

Nor would the removal of Mills' name from the list have enabled the defendant to use the strike, which he did use to remove

Mills' name from the list, to strike one of the jurors who sat on the trial, as defendant's strikes would have been reduced to ten. In other words, the presence of Mills' name on the list did not deprive the defendant of a strike which he could have used to remove another juror from the list if Mills' name had not been thereon.

We think this case is clearly distinguishable from Southern Ry. Co. v. Milan, supra. In that case the trial court required the defendant, over his objection, to strike from a list on which appeared the name of a disqualified or incompetent juror. The defendant had to use one of his strikes to remove said juror, and from aught that appears the list which was submitted to the parties from which to obtain a jury contained the names of but twenty-four jurors, one of whom was disqualified. Since the parties cannot be required to strike from a list which does not contain the names of twenty-four competent jurors, this court would not apply the doctrine of error without injury, although the disqualified juror did not serve on the jury which tried the case. But as before indicated, such is not the instant case.

Since Mills did not serve on the jury which tried the case, and since the list of jurors from which the jury was obtained contained the names of more than twenty-four competent jurors, and since the presence of Mills' name on the list did not affect the number of strikes to which plaintiff was entitled nor deprive the defendant of a strike which he could have used to remove another juror's name from the list if Mills' name had not been on the list, we hold that the trial court correctly refused to grant a new trial to defendant on the ground that Mills' name was on the list from which the jury was obtained.

In so holding we are not applying the rule that the burden is on appellant not only to show error but to show injury. Our conclusion is predicated on the fact that the record in this particular case affirmatively shows that there was no injury to appellant in this connection.

We have treated all assignments of error which are sufficiently argued in brief. No reversible error appearing in connection

250

therewith, the judgment of the trial court is affirmed.

Affirmed.

BROWN, FOSTER, and STAKELY, JJ., concur.