This case concerns the termination of parental rights.
Minnie Embroy, appellant-petitioner, has a daughter, Tameka Embroy, aged eight, and twin sons, Deroy and Levoy Embroy, aged four. Dependent/neglect petitions were filed by the Department of Pensions and Security of the State of Alabama (DPS) on Embroy's three children. In Tameka's case the mother failed to appear at the first hearing, and two weeks later the referee left Tameka in the custody of her mother under supervision of DPS. Various reviews were held on Tameka's custody, from some of which the mother was absent, and custody remained with the mother. A hearing was scheduled for January 6, 1983, but the mother left the courtroom before the hearing could be held. The hearing was postponed from time to time due to inclement weather and the illness of a witness.
On June 1, 1982, while review of the first case was pending, a new dependent/neglect petition was filed for Tameka, alleging, inter alia, that she had been raped and severely burned. Tameka was ordered picked up and subsequently, at a detention hearing, DPS was awarded custody. Various reviews were scheduled from time to time regarding Tameka's custody which remained vested in DPS. On August 5, 1983, DPS filed a petition to terminate the parental rights of the mother. On October 5, 1983, parental rights were terminated, and permanent custody was awarded to DPS.
With respect to the twins, Deroy and Levoy, a dependent/neglect petition was filed in April 1980. At a detention hearing DPS was given custody of the twins. The mother, having received notice of a hearing on the merits scheduled in June 1980, failed to appear. In November 1980 the mother consented to DPS retaining custody, and a review was set for April 22, 1981. Again, the mother failed to appear, and DPS continued to have custody of the twins until July 30, 1981, when custody was returned to the mother with supervision by DPS and review set for January 1982. Custody continued with the mother until June 1, 1982, when the twins were picked up and custody given to DPS in response to a new dependent/neglect petition. Review was scheduled for January 6, 1983, but the mother left the courtroom prior to the hearing. Review was continued from time to time on both cases. On August 5, 1983, DPS filed a petition for termination of parental rights with respect to the twins.
A hearing on the petitions for termination of parental rights was scheduled for October 5, 1983. There was a judgment entered on that date. That judgment recites that the cause came on for hearing in open court. It proceeds to relate the presence of the mother's attorney, representatives from DPS and their attorney, and the guardian ad litem for the children. It further related certain facts appearing to the court, including the absence of the mother, the anonymity of the father and the prior *Page 129 
events that had transpired in the matter. It concludes that from considering and understanding of all things, the court is of the opinion that it is to the best interest of the children that parental rights of the parents be terminated. There were no post-trial pleadings.
Appellant contends in brief that the court erred in terminating parental rights by default and without the taking of testimony.
Our response to that contention must be that our review in every case must be upon the record of pleadings and a transcript of testimony and proceedings before the trial court. It is a settled rule that if complaint is made upon appeal as to matters alleged in brief to have occurred or not to have occurred, but which are not reflected in the "record," there is not a basis for our consideration. Hinds v. Hinds,415 So.2d 1122 (Ala.Civ.App. 1982). In the absence of matters occurring at trial, but not shown by the record, it is assumed that the trial court acted correctly. Reliance Insurance Company v.Substation Products Corp., 404 So.2d 598 (Ala. 1981). If there was improper procedure or an absence of proper procedure at trial, the attention of the trial judge must have been directed to it either at the time or by proper and timely post-trial motion. Without such in the record, there is nothing for our review, allegations in brief to the contrary.
We have noted that the judgment of the trial court stated there was a hearing and matters were considered by the court. There is nothing to the contrary in the record, and we must affirm.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.