PER CURIAM.
This appeal involves the condemnation of certain “fireworks.”
The Circuit Court of Mobile County in April of 1983 entered an order condemning certain fireworks and ordered the fireworks to be destroyed. The fireworks were destroyed.
In June of 1983, the apparent owner of the fireworks filed the following “motion.”
MOTION FOR RELIEF FROM ORDER
“NOW COMES, Ed Blum, and moves this Court pursuant to Rule 60 Alabama Rules of Civil Procedure, to vacate its Order of April 18, 1983, and for good cause would show unto the Court, to-wit:
I
“That he is the rightful owner of the 176 Boxes of Fireworks.
*332 II
“That Order is void.
III
“That said order was entered by mistake, or excusable neglect.
IV
“That newly discovered evidence which by due diligence could not have been presented.
V
“That said order is due to fraud, misrepresentation, and other misconduct by the District Attorney and/or Fire Marshall of the City of Mobile.
VI
“That other reasons justifying relief from said order exist.”
The trial court denied this motion and Blum appeals.
The following appears in Blum’s brief filed in this court:
RELIEF SOUGHT
“The Appellant requests that this Court issue a declaratory judgment that § 8-17-225 requires due process.
“The Appellant requests] that this Court issue a declaratory judgment that the Appellant’s due process was violated.
“The Appellant requests] that this Court issue a declaratory judgment that the City of Mobile jurisdiction as to its Fireworks ordinance does not extend to the police jurisdiction.”
The “relief” sought by Blum in the circuit court was pursuant to Rule 60(b), Alabama Rules of Civil Procedure. It further appears that the “relief” now sought in this court is pursuant to a declaratory judgment.
A party cannot try his case on one theory and then appeal on a separate theory. A question of law which was not presented to nor passed upon by the trial court cannot be raised on appeal. Ford v. Alabama By-Products, 400 So.2d 380 (Ala.1981); Ala.Digest, Appeal and Error, Key No. 171(1).
We further note that we are not aware of any authority, nor is any authority cited to us, that confirms original jurisdiction in this court for a declaratory judgment action. See §§ 12-3-10 and 12-3-11, Ala.Code (1975).
In addition to the above, it appears clear that, in this instance, the ultimate relief sought by the appellant-Blum would be moot. This is so because of the destruction of the subject property. See Ala. Digest, Appeal and Error, Key No. 781(1).
For any or all of the above, this case is due to be affirmed.
AFFIRMED.
All the Judges concur.