This is an appeal from action by the trial court pursuant to the Adult Protective Services Act of 1976, Ala. Code (1975), §§38-9-1 to -11.
The Chambers County Department of Pensions and Security (D.P.S.) on October 28, 1983, petitioned the Circuit Court of Chambers County for an order of protective placement for Camilla Tillery, an adult alleged to be in need of protective services and protective care. This petition was granted by the court, and a final hearing date was set for determination of the need for protective placement.
The final hearing was ultimately set for March 19, 1984. However, before the hearing was convened, the parties, represented by counsel, reached an agreement with regard to the care of Mrs. Tillery.
The trial court specifically recognized that all parties were represented by counsel and adopted said agreement. It then issued an order in accordance with the terms of the agreement, providing that Mrs. Tillery would remain in a nursing home until arrangements could be made for her care at her home. The March 19, 1984, order also provided that Mrs. Tillery's son, John Tillery, was not to interfere with or direct the care of his mother. The trial court found that Mrs. Tillery was physically and mentally unable to care for or protect herself and ordered D.P.S. to monitor the progress of Mrs. Tillery and report to the court.
On August 14, 1984, D.P.S. moved to have John Tillery held in contempt of court for violating the order of March 19, 1984. The motion alleged that Mrs. Tillery was no longer under the care and supervision of the individuals prescribed in the court's order and that John Tillery was at times directing the care of his mother in direct contravention of the trial court's March 19, 1984, order.
On October 23, 1984, the court, after hearing testimony, ruled that Mrs. Tillery should be returned to the nursing home in order to provide for protective care.
From this determination Mrs. Tillery, through able counsel, appeals, contending that the trial court erred in not providing a trial by jury as to the question of protective placement. Mrs. Tillery further contends that there was insufficient evidence to support the court's finding that she is an adult in need of protective services and protective placement. We disagree and affirm.
 I
Mrs. Tillery argues that, pursuant to Ala. Code (1975), §38-9-6 (a), she was entitled to a jury of six persons to serve as the trier of facts. She specifically contends that the statute makes the jury provision mandatory, and, therefore, her right to a jury trial cannot be waived. We disagree.
Ala. Code (1975), § 12-16-1, provides that:
 "Whenever the statutes or laws of this state authorize or require the jury to ascertain or determine certain facts, to make certain findings or to fix the amount of damages, the value of property or the value of the use, hire or rent of property and a jury trial is waived or the court or judge trying the case is authorized to find and determine the facts as well as the law, then the word `jury' or *Page 388 
`juries' shall be held to include the court or judge so trying the case."
(Emphasis supplied.) Section 12-16-1 clearly indicates that trial by jury can be waived by the parties in a case such as the present one in which a trial was provided for by statute.
Furthermore, the Alabama Supreme Court has held that, "no constitutional or statutory provision prohibits a person from waiving his or her right to trial by jury." Mall, Inc. v.Robbins, 412 So.2d 1197, 1199 (Ala. 1982). See also Hood v.Kelly, 285 Ala. 337, 231 So.2d 901 (1970). Cf. Rules 38 and 39, Alabama Rules of Civil Procedure.
We find that the right to a jury trial within § 38-9-6 is not of a mandatory nature and thus is capable of waiver. This determination is consistent with the common law of this state.See Mall, Inc., 412 So.2d at 1199. Furthermore, the orderly administration of the Adult Protective Services Act would appear to mandate that, under appropriate circumstances, the jury trial provision may be waived.
Mrs. Tillery further argues that the agreement entered into by the parties on March 19, 1984, could not operate as a waiver of her right to a jury trial under the circumstances of this case. We find this latter contention to be without merit.
The parties entered into an agreement, with the assistance of capable legal counsel, which provided for the care of Mrs. Tillery. The facts as stated by the record show that all parties were represented by competent counsel with regard to the March 19, 1984, agreement. It is also shown by order of the court dated May 8, 1985, that all parties agreed to waive a jury trial.
The March 19, 1984, agreement was adopted by the court, and an order was issued in accordance with its terms. We find that this agreement operated as an implied waiver of any right to trial by jury as provided for under § 38-9-6 (a). We do not construe the language of § 38-9-6 (a) to be of such nature as to foreclose one's ability when represented by counsel or guardian ad litem, such as we have in this instance, to waive one's right to a jury.
Because the parties' agreement necessarily included a waiver of the right to trial by jury, the trial judge in the March 19, 1984, hearing was authorized to make a determination of Mrs. Tillery's need for protective services. See Ala. Code (1975), §12-16-1.
We note that Mrs. Tillery raises the issue of the denial of a trial by jury for the first time on appeal. This issue was neither raised at any time during the trial nor was it raised by any appropriate post-judgment motion. It is a well-settled rule that, "[i]f there was improper procedure or an absence of proper procedure at trial, the attention of the trial judge must have been directed to it either at the time or by proper and timely post-trial motion." Embroy v. State Department ofPensions Security, 450 So.2d 127, 129 (Ala.Civ.App. 1984). Mrs. Tillery's failure to raise the jury waiver issue before the trial court precludes her from doing so now. Matter ofCondemnation of 176 Boxes of Fireworks, 451 So.2d 331
(Ala.Civ.App. 1984).
It should be further noted that no jury was required of the October 23, 1984, determination because the issue before the court then was the alternatives for Mrs. Tillery's care. The question of the need for protective placement was decided by the trial court under the authority given by § 38-9-6 (c), Ala. Code (1975). This consideration of alternative methods of care was made in light of the March 19, 1984, determination of a need for protective services and care. Needless to say, there was no indication of any nature that a trial by jury was desired at the October 23, 1984, hearing.
This court notes that, as a general principle of law, lack of "jurisdiction" over subject matter may be raised for the first time on appeal. Mobile Gulf Railroad Co. v. Crocker,455 So.2d 829 (Ala. 1984). However, as seen from the above, such is not what is involved in the instant appeal. *Page 389 
 II
Mrs. Tillery further contends that the evidence was insufficient to support the trial court's conclusion that she was in need of protective services.
The March 19, 1984, agreement between the parties and subsequent court order found Mrs. Tillery "to be because of physical and mental incapacity unable to care for her business affairs and unable to care [for] or protect herself." There was no appeal of this determination, and thus this issue would appear not to be properly before this court. Basiouny v.Basiouny, 445 So.2d 916 (Ala.Civ.App. 1984).
The trial court, as indicated, treated its October 23, 1984, ruling as a modification of its earlier ruling in March. The trial court considered evidence relating only to events occurring after March 19, 1984, i.e., the proper care needed by Mrs. Tillery. It is from the modification of its earlier ruling that Mrs. Tillery appeals.
Before considering the sufficiency of the evidence, it is necessary to first delineate the standard or burden of proof. It would appear that the proper standard in this case is one which requires that the burden of proof be met by a preponderance of the evidence with regard to the "least drastic alternative" chosen for the protected person. See Ala. Code (1975), § 38-9-6 (c). We find this burden of proof to be compelling, given the analogous Ala. Code (1975), § 26-7A-4. This code section, which is part of the statutes governing the appointment of curators, provides that a "preponderance of the evidence" is necessary to declare a proposed ward legally incapacitated.
In considering the sufficiency of the evidence, it should be noted that the only issue before the trial court at the October 23, 1984, hearing was whether the placement of Mrs. Tillery in her home with persons employed to care for her was an adequate safeguard in light of the trial court's earlier judgment that she was in need of protective services. Thus, we must only consider the sufficiency of the evidence with regard to the trial court's holding that placement in a nursing facility was the least drastic measure which would adequately protect Mrs. Tillery's interests.
Ala. Code (1975), § 38-9-6 (c), states that "[t]he court shall give preference in making a determination to the least drastic alternative considered to be proper under the circumstances, including a preference for noninstitutional care wherever possible." The trial court considered evidence that related only to facts occurring since March 19, 1984, in reaching its decision. This evidence was heard by the trial court in determining whether there should be a modification of its earlier determination that Mrs. Tillery be cared for at her home.
After considering the evidence, the trial court found that the least restrictive means of caring for Mrs. Tillery at her home was not feasible and ordered her placed in a nursing home. After reviewing the evidence, we cannot say that the evidence was insufficient to support the trial court's conclusion. The evidence sufficiently shows that Mrs. Tillery could not be adequately protected in her home given the continued actions by her son to interfere with her care.
This case is due to be and is hereby affirmed.
A mandamus proceeding by the appellant has been consolidated with this appeal for disposition. The mandamus is to require an order annulling the trial court's orders dated March 19, 1984, and October 23, 1984, and further ordering the trial court to issue an order releasing Mrs. Tillery from the Opelika Nursing Home in Lee County. Needless to say, the mandamus, for reasons stated herein and other considerations, is due to be denied.
AFFIRMED; WRIT OF MANDAMUS DENIED.
BRADLEY, J., concurs.
WRIGHT, P.J., concurs in the result. *Page 390