494 So.2d 649 (1986)
Martha Weeks MORGAN
v.
LAUDERDALE COUNTY DEPARTMENT OF PENSIONS AND SECURITY.
(In the Matter of Jessica Darlene MORGAN and Joshua Brian Morgan).
Civ. 5233.
Court of Civil Appeals of Alabama.
May 14, 1986.
Rehearing Denied June 18, 1986.
Certiorari Denied September 26, 1986.
*650 Joe M. Patterson, Jr., Florence, for appellant.
Mary Lee Stapp and John Coleman Campbell, Asst. Attys. Gen., for appellee.
Alabama Supreme Court 85-1198.
EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a termination of parental rights case.
On February 17, 1984, separate petitions as to each of Mrs. Morgan's two minor children were filed by the Department of Pensions and Security (DPS). It was alleged that the children were dependent and that DPS should be granted their temporary custody. An evidentiary hearing was held on the petitions on that same day with the mother being present. The record does not reflect that she was then represented by counsel at that hearing. On February 17, 1984, the juvenile court determined that the children were dependent, and their temporary custody was granted to DPS.
The case was judicially reviewed by the juvenile court on two separate occasions, on May 10, 1984, and November 21, 1984. In both instances, an order was entered that no change be made in the February 17, 1984, judgment, which was to remain in full force and effect, and that the case would be reviewed again by the juvenile court in about six months. The November 21, 1984, judgment also contained an order appointing counsel for the mother since DPS had declared at that hearing that it intended to seek permanent custody of the children. The record before us does not disclose that counsel was appointed for her at any time prior to the entry of the November 21, 1984, judgment. No question was raised at any time or in any manner in the juvenile court as to its failure to appoint counsel for the mother as to any of the 1984 hearings.
After a contested trial on May 13, 1985, with the mother and her attorney fully participating therein, the juvenile court entered a final judgment on May 21, 1985, which awarded the permanent custody of the two children to DPS, and the parental rights of the mother were terminated. The mother timely appealed to the circuit court from that judgment. The circuit court ascertained that a record had been made and transcribed by mechanical recording as to the prior juvenile court proceeding which had been appealed. Therefore, the circuit court granted a motion of DPS and transferred the mother's appeal to this court. The circuit court overruled the mother's motion for a rehearing or new trial and appointed the same able counsel who had represented the mother since November 21, *651 1984, also to represent her on her present appeal to this court.
The mother raises two issues.
She first contends that the juvenile court erred in not appointing an attorney to represent her as is provided by § 12-15-63(b), Ala.Code (1975), as to any of the three proceedings and hearings which were held in the juvenile court in 1984. In that connection, the constitutional due process clause does not require the appointment of counsel for an indigent parent in dependency and temporary custody proceedings. Lassiter v. Department of Social Services of Durham County, North Carolina, 452 U.S. 18, 34, 101 S.Ct. 2153, 2163, 68 L.Ed.2d 640, 654, rehearing denied, 453 U.S. 927, 102 S.Ct. 889, 69 L.Ed.2d 1023 (1981). Appropriately, the issue which is argued and which is raised by the mother concerns the failure of the juvenile court to appoint counsel for an indigent mother as is mandated by that code section.
The three 1984 judgments of the juvenile court which removed and maintained temporary custody of the children away from the mother have been treated as appealable orders. See, e.g., Ex parte Linnell, 484 So.2d 455 (Ala.1986); Lee v. Jackson County Department of Pensions and Security, 470 So.2d 1294 (Ala.Civ.App. 1985); Julian v. Julian, 402 So.2d 1025 (Ala.Civ.App.1981). Therefore, if an attorney was not appointed to represent the indigent mother and if she had not waived the appointment of such counsel, that issue was one that should have been determined upon a timely appeal from one of those 1984 judgments after first directing the trial court's attention to such a lack of proper statutory procedure. Embroy v. State Department of Pensions and Security of Alabama, 450 So.2d 127 (Ala.Civ. App.1984). No appeal having been taken from any of the three 1984 judgments, that issue cannot be here raised as it constitutes an unauthorized collateral attack upon those judgments which are each regular upon their face. Williams v. First National Bank of Mobile, 384 So.2d 89, 94 (Ala.1980).
Also, this argument of the mother must fail because, if the juvenile court did not appoint counsel for her as to any of the 1984 hearings, it was never raised at any time, or in any manner, in the juvenile court. A trial court cannot be reversed for its failure to rule on a matter which was not presented to it or decided by it. Linnell, 484 So.2d 455.
The second issue is whether the circuit court erred in refusing to hear the appeal from the juvenile court de novo and in transferring this appeal to this court. The record before us contains a transcription of the hearings which were held on February 17, 1984, and on May 13, 1985. The mother argues that there is no adequate record for our review of the matter since no tape recordings presently exist as to the May and November 1984 hearings, and, accordingly, the circuit court should have heard the case de novo rather than transferring the appeal to this court.
The juvenile court's record as to the hearing is required to be preserved only until the time for taking an appeal has expired. Rule 20, Alabama Rules of Juvenile Procedure. That time had long expired prior to the time that the mother, for the first time in any court, raised this issue in the circuit court in her attempt to justify a trial de novo.
The mother did not appeal from any judgment but the May 21, 1985, judgment which terminated her parental rights. The evidence and trial proceedings which resulted in the termination order from which the present appeal was actually taken were recorded in full. A sufficient transcript was made and is before this court on appeal as to the hearing which was held on May 13, 1985, and upon which the May 21, 1985, judgment was rendered. This court was the appropriate court to determine the appeal of the May 21, 1985, judgment since an adequate record was available. Rule 28(A)(1)(a), A.R.J.P. The circuit court did not err in transferring it here. Rule 28(D), A.R.J.P.
*652 Having determined that no error exists as to the only two stated issues, we affirm the judgment.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.
HOLMES, J., concurs in the result.