INGRAM, Judge.
The father appeals the termination of his parental rights. The single issue is whether the trial court erred in finding the father not indigent and thus not entitled to appointed counsel pursuant to § 15-12-5, Code 1975.
The trial court judgment lists sufficient grounds to justify terminating the father's parental rights pursuant to § 26-18-7, Code 1975. Although the father disputes these findings, he has submitted no transcript of the trial, without which we are unable to review the trial court’s deci *275 sion. In such a case, the trial court is presumed to have acted correctly. Embroy v. State Department of Pensions & Security, 450 So.2d 127 (Ala.Civ.App.1984).
Regarding the question of the father’s lack of indigency, the father had notice of the trial date, failed to appear on that date, and then subsequently filed his petition for appointed counsel. The father’s affidavit shows that he takes home more than $10,000 a year. He is separated from his wife, and his children are in the custody of the State of Alabama. We find no error in the court’s denial of indigent status to the father.
There being no record to review, we summarily affirm the trial court’s termination of the father’s parental rights.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.